IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Angelia Harman, | ) | |
| | ) | C/A No. 7:11-3420-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Aetna Life Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff Angelia Harman's motion to remand her long term disability ("LTD") claim to Defendant Aetna Life Insurance Company ("Aetna") for further administrative review. (Dkt. # 17).[1] Aetna opposes the motion. For the reasons below, Harman's motion is denied.

## I. Background

Prior to August 19, 2008, Harman worked as a medical auditor at Mary Black Hospital, part of Triad Hospitals, Inc. Through her employment, Harman had LTD coverage which was issued by Aetna with Aetna serving as the claims administrator. On August 19, 2008, Harman stopped working due to fibromyalgia, degenerative disc disease, chronic pain, anxiety, and depression and filed a claim for disability benefits. On April 13, 2009, Aetna determined Harman was disabled from performing her own occupation effective January 16, 2009, and Harman began receiving LTD benefits.

In January 2011, however, for Harman to continue receiving LTD, she had to be disabled from performing any occupation. On March 15, 2011, Aetna notified Harman it

---

[1] Originally, Harman alternatively sought an order lifting the stay on discovery. However, at the hearing, Harman stated she was no longer seeking this alternative relief.

was terminating her LTD benefits effective March 15, 2011, because Harman was not disabled from any occupation. Aetna stated it had contacted Harman's physicians and one physician was unable to specify any restrictions or limitations and the other physician did not provide any new information and asked Aetna to base its decision on previous information. In its termination letter, Aetna specifically informed Harman that she had 180 days to appeal the termination decision and Harman would be notified of Aetna's final decision within 45 days and if she disagreed with the final determination, she had the right to bring a civil action. (Pl.'s Mem. Supp. Mot. to Remand - Dkt. # 17-1 at 19).

On April 7, 2011, Harman appealed Aetna's decision terminating her LTD benefits. (Dkt. # 17-1 at 11-12). Harman specifically noted in this letter to Aetna that she reserved her right to bring a civil action if a favorable decision was not made after review. (Dkt. # 17-1 at 12). After receiving some additional documents from Harman and obtaining three peer review evaluations, Aetna concluded there was insufficient medical evidence to support Harman's disability as to any reasonable occupation and therefore, on December 5, 2011, Aetna notified Harman that it was upholding its decision. (Dkt. # 17-1 at 13-17). Aetna also informed Harman that if she disagreed, she had the right to bring a civil action under § 502 (a) of ERISA and, on December 16, 2011, Harman filed this action.

In her motion, Harman contends that she was not afforded a full and fair review of Aetna's adverse benefit determination and, therefore, is entitled to further administrative review because an Aetna employee represented to her that a second level of appeal was available to Harman under the Plan. (Pl.'s Mot. to Remand at 2, 4, and 6). Aetna contends a remand is inappropriate because it has already performed a

full and fair review of Harman's claim for LTD benefits as required by ERISA.

### III. Analysis

In her motion and supporting affidavit, Harman states that when she filed her appeal in April 2011, she believed Aetna's denial of continued LTD benefits was based upon incorrect information and she thought she could resolve the issue without retaining an attorney. (Pl.'s Mem. Supp. Mot. to Remand - Dkt. # 17-1 at 2). However, she avers that she subsequently became concerned about acting without an attorney, and on June 1, 2011, she called Art Diamond, the Appeal Specialist assigned to her claim. *Id*. Because Diamond was on vacation, another Appeals Specialist, Carol, returned Harman's call on June 10, 2011. (Pl.'s Mem. Supp. Mot. to Remand - Dkt. # 17-1 at 2-3). Harman contends that she specifically asked Carol if "this [was her] final appeal?" She states Carol responded, "'No, this is not your final appeal.'" Therefore, Harman states that she did not retain an attorney. *Id*. at 3.

Harman contends that "[h]ad [she] not been directly told by Aetna that [she] would be afforded another level of appeal, [she] would have immediately retained [counsel] to assist her with her appeal" to ensure that all her medical evidence was submitted. (Pl.'s Mem. Supp. Mot. to Remand at 7 & Dkt. # 17-1 at 4). She states that she is seeking "a fair opportunity to present [her] case during the appeal process with [counsel's] assistance." (Pl.'s Mem. Supp. Mot. to Remand - Dkt. # 17-1 at 4).

In essence, Harman is seeking to apply equitable estoppel. However, until recently, in interpreting ERISA plans, a party could not use estoppel theory to alter the unambiguous terms of an ERISA plan. *See Young v. Textron Inc.*, 12 Fed.Appx. 167 (4th Cir. 2001)(unpublished)(citing *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross,* 101 F.3d 1005, 1010-11 (4th Cir.1996)); *Kane v. Aetna Life Ins.*, 893 F.2d 1283, 1285

3

(11th Cir. 1990) (*citing Nachwalter v. Christie*, 805 F.2d 956, 960 (11th Cir. 1986)(holding ERISA forbids oral modifications of plan terms)).

Recently, however, the Supreme Court has held that equitable estoppel applies to claims brought under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). *Cigna Corp. v. Amara*, __ U.S. __, 131 S.Ct. 1866, 1881 (2011). In *Amara*, the fiduciary had amended the plan's method for calculating benefits so as materially reduce the benefits to which the participants were entitled. The district court found that the defendant fiduciary had made incomplete and inaccurate disclosures in its summary plan description ("SPD") in violation of ERISA's disclosure obligations and the district court reformed the terms of the plan itself. *Id.* at 1875.[2] The Supreme Court held that SPDs, "important as they are, provide communication with beneficiaries about the plan, but that their statements do not themselves constitute the *terms* of the plan for purposes of § 502(a)(1)(B)." *Amara*, 131 S.Ct. 1866, 1878 (2011)(emphasis in original). The court concluded that 502(a)(1)(B) did not grant the district court the authority to reform the plan. *Id*. The court, however, then turned to § 502(a)(3), and concluded that the district court could award "appropriate equitable relief" pursuant to § 502(a)(3). *Id.* The court specifically noted that "when a court exercises its authority under § 502(a)(3) to impose a remedy equivalent to estoppel, a showing of detrimental reliance must be made." *Id*. at 1881

As Harman notes, here, the Plan does not contain the appeals process; the appeals process is set forth only in the SPD. Harman relies on *Woods v. Prudential Ins. Co.*, 528 F.3d 320 (4th Cir. 2008), and *Hamill v. Prudential Ins. Co.*, 2012 Lexis 183153 (E.D.N.Y. filed Jan. 2, 2013), for the proposition that a SPD is not a part of the plan. It

---

[2]ERISA mandates that certain information be included in the SPD, *See* 29 U.S.C. § 1022.

4

is clear that under these cases and *Amara*, the terms of the SPD are not the terms of the plan. However, *Woods* and *Hamill* are distinguishable from the facts in the present case. In both of these cases, in determining the standard of review, the courts noted that prior precedent holds that the plan must manifest a clear intent to confer discretionary authority on its administrator, and an unincorporated SPD is irrelevant to a determination of whether a plan conferred such discretion. *Woods*, 528 F.3d 322 n.3; *Hamill*, 2012 183153 at *11.

Here, however, neither the regulations nor the courts have required that the appeals process be in the plan. Further, while the SPD does not constitute "terms" of the Plan, the appeals process set forth in the SPD does not in any way contradict the Plan. The Plan in this case is silent with respect to the appeals process and the SPD is not false, misleading, or ambiguous.[3] Accordingly, Harman should not be allowed to rely on an oral representation that alters the SPD when there was no ambiguity in the SPD or inconsistency between the SPD and the Plan. And nothing in *Amara*, *Woods,* or *Hamill* suggests otherwise.

Moreover, Harman has failed to allege any facts which support the application of estoppel under the facts of this case. Specifically, Harman has failed to establish detrimental reliance. As the Supreme Court in *Amara* stated, detrimental reliance must be shown to be entitled to the equitable relief of estoppel under § 1132(a)(3). *Amara*, 131 S.Ct. 1881.[4] Aetna provided Harman with the claims procedure in the SPD and

---

[3] ERISA itself requires only written "adequate notice" of a claim's adjudication and a "reasonable opportunity" for a full and fair review. 29 U.S.C. § 1133.

[4] This raises another issue, as in her Complaint, Harman does not pled any claims pursuant to § 502(a)(3). Rather, she raises claim only pursuant to § 1132(a)(1)(B). (Compl. ¶¶ 3, 4, 9).

5

Harman acknowledged that she could file a lawsuit if her appeal was not successful in her letter dated April 7, 2011. Additionally, at oral argument, Harman could not point to any information Aetna should consider on remand which would support her claim of disability. She merely stated that the action should be remanded for further administrative review so that she could determine if additional medical records existed which would support her claim. Without any evidence of detrimental reliance, Harman's motion for a remand is denied.[5]

## IV. Conclusion

Based on the foregoing, Plaintiff's Motion to Remand (Dkt. # 17) is **DENIED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 14, 2013

---

[5] Harman relies upon *Catledge v. Aetna Life Ins. Co.,* 594 F.Supp.2d 610 (D.S.C. 2009). In *Catledge*, the court, after concluding that Aetna improperly denied a claim, found the record inadequate to support the payment of benefits and therefore remanded the matter for further review. Several months after the court remanded the matter, the court lifted the ban on discovery for the limited purpose of allowing Aetna's counsel to subpoena medical records to be reviewed by Aetna in connection with the administrative review required by the court. This case is wholly inapplicable to the instant action as the court in *Cartledge* remanded only after finding the claim had been improperly denied.

6